RECEIVED
IN LAKE CHARLES, LA
DEC 29 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JESSIKA LEMOS, IN HER CAPACITY AS TUTRIX ON BEHALF OF WARREN LEMOS-LAWRENCE AND MA'KIYA LAWRENCE ON BEHALF OF WARREN LAWRENCE | : | DOCKET NO. 11-417 |
| VS. | : | JUDGE TRIMBLE |
| CITY OF LAKE CHARLES, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss for Lack of Procedural Capacity" (R. #6) wherein defendants seek to dismiss the instant lawsuit because plaintiff, Jessika Lemos, does not have the capacity to bring this petition on behalf of third persons.

Plaintiff's petition alleges that on February 9, 2010, after being dispatched to a residence on 1738 Elms Street to investigate possible suspicious activity, and while searching said residence, defendant, Officer Dustin Fontenot discovered Warren Lawrence. Plaintiff further alleges that Officer Fontenot shot Lawrence repeatedly without provocation and probable cause. Lawrence was then transported by ambulance to the Hospital where he died as a result of the gun shot wounds. Plaintiff brings this suit as a wrongful death and survival action on behalf of decedent's minor children.

Defendants assert that Jessika Lemos is not a licensed attorney and lacks the procedural capacity to bring this lawsuit. The court notes that plaintiff's petition does not allege that she is the surviving spouse of decedent, Warren Lawrence, and her suit is brought using Lemos as her surname.

From this, the court concludes that she and decedent were not husband and wife on February 9, 2010. Louisiana Civil Code Article 2315.1 (1) reserves the right to survival actions in these cases to a surviving spouse and/or children of the deceased; therefore, Jessika Lemos has no right of action in this case. Plaintiff does not have the procedural capacity to bring the survival action on behalf of the decedent and/or the minor children. Louisiana Code of Civil Procedure 683 mandates that only a tutor appointed by a court of this state is the proper plaintiff to sue to enforce a right of an unemancipated minor. Furthermore, although a layperson has the right to represent himself, those without a license to practice law have no right to represent others.[1]

## CONCLUSION

Based on the foregoing, the motion to dismiss will be **GRANTED,** dismissing the claims of Jessika Lemos individually, with prejudice, and dismissing the claims of Jessika Lemos on behalf of the children without prejudice for lack of procedural capacity.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 29th day of December, 2011.

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE

---

[1] Jimison by Parker v. Mann, 957 S.W.2d 860, 861 (Tex.App.-Amarillo 1997).